(Pleito No. 128.—Fallado el 18 de Junio de 1901.)

## BELPRÉS contra PONS.

COMPETENCIA entre los Juzgados Municipales de Cayey y Aibonito, entablada por requerimiento de inhibición.

COMPETENCIA DE JUZGADOS MUNICIPALES. Cuando aparece comprobado por testigos que se obligó el deudor á satisfacer la deuda en determinado lugar, es competente, en primer término, para conocer del juicio, el juez del lugar en que deba cumplirse la obligación.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez y ocho de Junio de mil novecientos uno, en la competencia entre los Juzgados Municipales de Cayey y Aibonito, pendiente ante Nos, entablada por requerimiento de inhibición del segundo al primero en el conocimiento de una demanda deducida en juicio verbal sobre pago de ciento setenta y cuatro pesos, oro americano, por Don Felipe Belprés, vecino de Cayey, carpintero, contra Don Juan Pons Colón, vecino de dicho pueblo de Aibonito y comerciante, que no han comparecido ante este Tribunal Supremo.—Resultando: Que en demanda de ocho de Abril del corriente año solicitó Don Felipe Belprés que se

citase á Don Juan Pons Colón, avecindado en Aibonito, para la celebración de juicio verbal, á fin de que éste fuese condenado á pagar al demandante ciento setenta y cuatro pesos, oro americano, procedentes de resto de los trabajos que le hizo en aquel pueblo en la fábrica de una casa, por haber pactado ante testigos que haría el pago de dicha suma en el pueblo de Cayey, declinando así su jurisdicción como lo probaría en su día en el período oportuno del juicio.—Resultando: Que estimada la citación pretendida y señalado el día doce de Abril último para que tuviese lugar el juicio, dirigió Pons desde Aibonito un escrito al Juez Municipal de Cayey, con fecha diez del citado mes, en el cual alegaba la excepción dilatoria de incompetencia de jurisdicción; y el Juzgado en atención á la naturaleza del juicio, y puesto que la excepción sólo pudo alegarla al contestar la demanda ó sea en el mismo acto de la comparecencia y en vista también de la forma del escrito que no se ajustó á lo dispuesto en los artículos 72 y 78 de la Ley de Enjuiciamiento Civil, declaró en once del repetido Abril no haber lugar á proveer á lo solicitado en el indicado escrito, por no proceder su admisión.—Resultando: Que como estaba anunciado se celebró la comparecencia el referido día doce de Abril sin la concurrencia del demandado, no obstante estar citado; por lo cual á petición del actor se siguió el juicio en su rebeldía y se practicaron las pruebas propuestas por el demandante, entre las cuales figuran las declaraciones de tres testigos que expresan ser cierto que Pons, después de varias entrevistas con Belprés, quedó en entregar á éste en el pueblo de Cayey la cantidad que motiva esta demanda, dictándose sentencia, en veinte de Abril último condenando á Pons al pago de la cantidad reclamada.—Resultando: Que en diez y nueve de dicho mes el demandado Pons, asegurando que no hizo uso de la declinatoria solicita del Juzgado Municipal de Aibonito que requiera de inhibición al de Cayey, como así lo estimó, previa audiencia del Fiscal Municipal y de conformidad con su dictamen en auto de veinte de Abril ya

citado, por los fundamentos de no haber lugar designado para el cumplimiento de la obligación ni constar que Pons se haya sometido al Juez Municipal de Cayey, ni que éste sea competente por otro concepto, el Juez Municipal de Aibonito declaró haber lugar al requerimiento de inhibición solicitado.—Resultando: Que recibido el oficio inhibitorio por el Juzgado Municipal de Cayey, dictó auto en veinte de Abril citado y por los fundamentos que se deducen de los artículos 77 y 78 de la Ley de Enjuiciamiento Civil, puesto que Pons usó sin resultado la declinatoria á pesar de manifestar lo contrario, declaró no haber lugar á la inhibición pretendida.—Resultando: Que el Juzgado de Aibonito insistió en el requerimiento y en su consecuencia el de Cayey remitiólo en el mismo actuado á este Tribunal Supremo, verificándolo el de Aibonito de la pieza separada relativa á la inhibitoria pretendida por Don Juan Pons Colón.—Resultando: Que el Fiscal estima en su dictamen competente al Juzgado de Cayey para conocer de la acción personal deducida por Don Felipe Belprés contra Don Juan Pons Colón, materia de la presente inhibitoria.—Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que del juicio en rebeldía del demandado por su incomparecencia, aparece comprobado por testigos que éste se obligó á satisfacer la cantidad que adeudara á Belprés en el pueblo de Cayey.—Considerando: Que para conocer de los juicios en que se ejercitan acciones personales, es Juez competente, en primer término, fuera de los casos de sumisión expresa ó tácita el del lugar en que deba cumplirse la obligación, conforme á la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil.—Considerando: Lo dispuesto en el artículo 78, 2? apartado, de la Ley de Enjuiciamiento Civil.—Fallamos: Que debemos declarar y declaramos que el conocimiento de la mencionada demanda corresponde al Juzgado Municipal de Cayey, al que, con la oportuna certificación, se remitan á los efectos procedentes, las actuaciones que lo han sido á este Tribunal Supremo por dicho Juzgado y el de

igual clase de Aibonito; comunicándose á este último la presente resolución y siendo de cargo de Don Juan Pons Colón las costas del incidente.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario sustituto, en Puerto Rico, á diez y ocho de Junio de mil novecientos uno.—Eugenio Alvarez.—*Secretario sustituto.*